UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MOISES ECHEVARRIA,**<br><br>Plaintiff,<br><br>v.<br><br>**SGT. STRAUSS, et al,**<br><br>Defendants. | Civil No. 22-5946 (SDW-ESK)<br><br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about October 7, 2022, Plaintiff Moises Echevarria, a pretrial detainee confined in Bergen County Jail in Hackensack, New Jersey, filed a pro se prisoner civil rights complaint (ECF No. 1) without paying the $402 filing and administrative fees or alternatively filing an application under 28 U.S.C. § 1915(a) to proceed without prepayment of the filing fee ("*in forma pauperis*" or "IFP"). This Court administratively terminated this matter, subject to reopening. (ECF No. 2, 4).

2. Plaintiff has now submitted a properly completed IFP application (ECF No. 5), which establishes his financial eligibility to proceed without prepayment of the filing fee. Therefore, Plaintiff's IFP application will be granted.

3. Because Plaintiff is granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2

6. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. The defendants named in the complaint are Sgt. Strauss, First and Second Shift Officers (John Does), and Intake Officers 1 and 2 (John Does) at Bergen County Jail, and the County of Bergen. Plaintiff alleges that upon his arrival as a pretrial detainee at Bergen County Jail on May 26, 2022, he was not provided with all of the items listed in the inmate manual, including but not limited to shower shoes, socks, underwear, t-shirts, and cleaning products for the shower. (ECF No. 1). He was provided with two jumpsuits and county issued shoes. He continuously requested the missing items from the individual defendants but they denied his requests. Sergeant Strauss told Plaintiff that Bergen County Jail was not equipped to handle all the inmates who were transferred from Passaic County Jail. Plaintiff alleges he was treated inhumanely. For relief, he seeks damages. Plaintiff also requests that the Court address deficiencies in the inmate grievance procedures.

7. Obstruction of a prison grievance procedure does not create an independent claim under 42 U.S.C. § 1983 because there is no constitutional right to prison grievance procedures. *Heleva v. Kramer*, 214 F. App'x. 244, 247 (3d. Cir. 2007). Therefore, Plaintiff's claim regarding deficiencies in the jail's grievance procedures will be dismissed with prejudice.

8. "[W]hen pretrial detainees challenge their conditions of confinement, [courts] must consider whether there has been a violation of the Due Process Clause of the Fourteenth Amendment.") *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008). "[T]he proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To make this determination, courts must decide whether the conditions imposed were for the purpose of punishment or whether "the conditions were reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion[.]" *Id.* at 232 (quoting *Bell*, 441 U.S. at 540 n. 23 (3d Cir. 2008)).

9. The complaint does not allege that the conditions were instituted for purposes of punishment because Plaintiff was told there was a shortage of supplies due to an influx of inmates from Passaic County Jail. Thus, the question is whether the conditions were reasonably related to the management of the facility or were excessive to that purpose. This depends on how long the conditions lasted. Five days without the clothing and hygiene items listed in the inmate handbook where Plaintiff had two changes of outer clothing and shoes is not excessive where the conditions were caused by an influx of additional inmates. The complaint is not clear on whether the conditions lasted more than five days. Plaintiff alleges that he was never given all the items listed in the inmate handbook, but he also alleges that "we have been housed at Bergen County Jail (5) days without these items." (ECF No. 1 at 10).

10. In conclusion, this Court will grant Plaintiff's IFP application but will dismiss his complaint without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated: February 9, 2023

Hon. Susan D. Wigenton,
United States District Judge