UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MOISES ECHEVARRIA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SGT. STRAUSS, et al,**<br><br>**Defendants.** | Civil No. 22-5946 (SDW-ESK)<br><br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. On or about October 7, 2022, Plaintiff Moises Echevarria, a pretrial detainee confined in Bergen County Jail in Hackensack, New Jersey, filed a pro se prisoner civil rights complaint (ECF No. 1) without paying the $402 filing and administrative fees or alternatively filing an application under 28 U.S.C. § 1915(a) to proceed without prepayment of the filing fee ("*in forma pauperis*" or "IFP"). This Court administratively terminated this matter, subject to reopening. (ECF No. 2, 4).

2. Upon Plaintiff's submission of a properly completed IFP application, which established his financial eligibility to proceed without prepayment of the filing fee, this Court reopened this matter, granted Plaintiff's IFP application, and *sua sponte* dismissed the complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 6, 7.) Plaintiff was granted leave to file an amended complaint.

3. Plaintiff filed an amended complaint on or about March 16, 2023. (ECF No. 8). The amended complaint brings claims against many additional defendants, primarily identified as fictitious John and Jane Does. Additionally, the amended complaint states that it incorporates the statement of claims in the original complaint.

6. Plaintiff has incorporated the allegations in his original complaint by reference in his amended complaint. Therefore, the Court begins with the original complaint. Plaintiff asserts

jurisdiction under 42 U.S.C. § 1983.  The defendants named in the original complaint are Sgt. Strauss, First and Second Shift Officers (John Does), and Intake Officers 1 and 2 (John Does) at Bergen County Jail, and the County of Bergen.  The new defendants named in the amended complaint are as follows:  Bergen County Department of Correction; Bergen County Adult Correction Center Director/Warden Russo and Grella; New Jersey Department of Correction; John/Jane Doe Second Shift Officers; ABC Sheriff's Officers; DEF County Guards, GHI Public Entities 1-5, JKL Private Entities 1-5, and John and Jane Does 1-10.  (ECF No. 5).  In his original complaint, Plaintiff alleges that upon his arrival as a pretrial detainee at Bergen County Jail on May 26, 2022, he was not provided with all of the items listed in the inmate manual, including but not limited to shower shoes, socks, underwear, t-shirts, and cleaning products for the shower.  (ECF No. 1).  He was provided with two jumpsuits and county issued shoes.  (*Id.*)  He continuously requested the missing items from the individual defendants but they denied his requests.  (*Id.*)  Sergeant Strauss told Plaintiff that Bergen County Jail was not equipped to handle all the inmates who were transferred from Passaic County Jail.  (*Id.*)  Plaintiff alleges he was treated inhumanely.  (*Id.*)  For relief, he seeks damages and requests that the Court address deficiencies in the inmate grievance procedures.  (*Id.*)

      7. In his amended complaint, Plaintiff alleges Defendants' refusal to provide him with proper clothing and undergarments was punishment because Defendants lied by omission.  (ECF No. 5 at 5.)[1]  Plaintiff asserts a right to equal distribution of clothing.  (*Id.*)  He has observed many inmates who received clothing items that he was not given.  (*Id.*)  Plaintiff incorporates into the amended

---

[1] Plaintiff appears to have misconstrued the basis for this Court's dismissal of his original complaint.  In the amended complaint, he states "In response to the failure to state a claim, I have been directed to provide factual undeniable evidence that the refusal to provide proper clothing and undergarment was done to punish me as a pretrial detainee."  (ECF No. 8 at 5.)  Dismissal of the original complaint was not based on the necessity to provide undeniable evidence, but rather to *allege* sufficient facts for this Court to determine whether Plaintiff had a plausible claim that he was deprived of the clothing items listed in the inmate handbook for the purpose of punishment, rather than due to a temporary shortage of such items.  (ECF No. 6).

2

complaint an affidavit of Anthony Mitchell, Plaintiff's cellmate at Bergen County Jail. (*Id.* at 6, 8.) Mr. Mitchell asserts that when he and Plaintiff arrived at Bergen County Jail, having been transferred from Passaic County Jail, they were not provided with the clothing items listed in the Inmate Handbooks for both jails. (*Id.* at 8.) They were told Bergen County Jail did not have enough clothing to accommodate all the inmates transferred from Passaic County Jail. (*Id.*) This was untrue because many inmates from Bergen County came to their unit with all items of clothing listed in the handbook. (*Id.*) This was brought to the attention of the corrections officers and sergeant on duty, who ignored the complaints. (*Id.*) Mr. Mitchell and Plaintiff were only provided two jumpsuits and shoes "for an extended period of time." (*Id.* at 9.)

7. Plaintiff's claim in the original complaint regarding deficiencies in the jail's grievance procedures was dismissed with prejudice. (ECF No. 7).

8. "[W]hen pretrial detainees challenge their conditions of confinement, [courts] must consider whether there has been a violation of the Due Process Clause of the Fourteenth Amendment.") *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008). "[T]he proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To make this determination, courts must decide whether the conditions imposed were for the purpose of punishment or whether "the conditions were reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion[.]" *Id.* at 232 (quoting *Bell*, 441 U.S. at 540 n. 23 (3d Cir. 2008)).

9. Plaintiff's amended complaint fails to state a Fourteenth Amendment conditions of confinement claim. Plaintiff now alleges he was provided with only two jumpsuits and shoes "for an extended period of time" after his intake at Bergen County Jail. Plaintiff alleges other inmates who entered his living unit were provided with more clothing than Plaintiff and his cellmate were given. Therefore, Plaintiff concludes Defendants sought to punish him, and they lied about a shortage

3

of clothing. The allegation of that this condition lasted "for an extended period of time" is too vague for this Court to conclude that Plaintiff's provision of only two jumpsuits and shoes constitutes punishment of a pretrial detainee under the Due Process Clause. This Court will dismiss the amended complaint without prejudice. Plaintiff may file a second amended complaint, if he can allege a more specific period of time that he was provided only two jumpsuits and shoes; for example, when (how long after his initial intake) and to whom he requested additional clothing items and was denied, and the reasons he was given. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). The second amended complaint shall completely replace the original and amended complaint and, therefore, must contain all claims against all defendants.

      10. In conclusion, this Court will dismiss the amended complaint without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is granted leave to file a second amended complaint.

      An appropriate order follows.

Dated: _____May 22_____, 2023

                                              Hon. Susan D. Wigenton,
                                              United States District Judge